UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LASSANA MAGASSA,

    Plaintiff,

v.

CHAD WOLF, in his Official Capacity as Acting Secretary of the Department of Homeland Security, et al.,

    Defendants.

CASE NO. 2:19-cv-02036-RSM

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS

This matter comes before the Court on the unopposed motion of Defendants Chad Wolf, David Pekoske, Mark Morgan, William Barr, Christopher Wray, and Charles Kable, all in their official capacities (the "Official Capacity Defendants"), and Defendant Agent Minh Truong in his individual capacity, to stay discovery pending the Court's resolution of the Official Capacity Defendants' and Agent Truong's Motions to Dismiss. Dkt. #30. Plaintiff has not opposed Defendants' motion. Having reviewed Defendants' motion and the remainder of the record, the Court GRANTS Defendants' motion to stay discovery.

**I.    BACKGROUND**

Plaintiff Lassana Magassa, an African-American, Muslim U.S. citizen and former employee of Delta Airlines, Inc., initiated this action on December 16, 2019 challenging the

ORDER GRANTING STAY OF DISCOVERY - 1

sufficiency of regulations promulgated by the Transportation Security Administration ("TSA"). Dkt. #1. These regulations pertain to TSA's process for administrative challenges of airport credential revocations or denials after an individual is determined to be a security threat.

On March 6 and March 13, 2020, respectively, Defendant Agent Minh Truong and Official Capacity Defendants moved to dismiss on grounds that include sovereign immunity and failure to state a claim. Dkts. ##17, 18. Both motions will be fully briefed as of May 8, 2020. Defendants seek a temporary stay of discovery until their motions to dismiss are decided.

## II. DISCUSSION

### A. Legal Standard

A district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While a pending motion to dismiss does not ordinarily warrant a stay of discovery, a stay may be appropriate where issues of jurisdiction or immunity are raised in the dispositive motion. *See Williams v. Sampson*, No. C17-0092-JCC, 2017 WL 1330502, at *1 (W.D. Wash. Apr. 11, 2017) (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)).

Defendants argue that a stay would serve the interests of judicial economy, given that the Court's resolution of these motions may obviate the need for any discovery. Dkt. #30 at 3. They also claim that a temporary stay would relieve the Government from unnecessary discovery while operations are impaired during the COVID-19 pandemic, and because any benefits of sovereign immunity would be lost if Defendants, particularly Agent Truong, are required to participate in discovery. *Id.*

Plaintiff has not responded to Defendants' motion to stay, which the Court considers an admission that the motion has merit. *See* W.D. Local Civ. R. 7(b)(2).

Here, given the early stage of this case, the nature of the arguments raised in Defendants' motions to dismiss, and the fact that both dispositive motions will be fully briefed as of May 8, 2020, the Court finds that a brief stay of discovery is warranted and in the interests of judicial economy. If the motions to dismiss are denied in whole or in part, discovery will proceed.

### III.   CONCLUSION

Pursuant to Defendants' Motion, and the Court finding good cause, the Defendants' Motion to Stay Discovery Pending Resolution of the Defendants' Motions to Dismiss is hereby GRANTED. The Court's previous order dated March 18, 2020, Dkt. #21, is hereby VACATED, and all discovery-related deadlines are STAYED, pending resolution of the Defendants' respective Motions to Dismiss.

Dated this 8th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE