UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LASSANA MAGASSA,<br><br>                      Plaintiff,<br><br>            v.<br><br>CHAD WOLF, in his Official Capacity as Acting Secretary of the Department of Homeland Security, et al.,<br><br>                     Defendants. | CASE NO. C19-2036RSM<br><br>ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS |

## I.     INTRODUCTION

This matter comes before the Court on Defendants Chad Wolf, David Pekoske, Mark Morgan, William Barr, Christopher Wray, and Charles Kable, sued in their official capacities (the "Official Capacity Defendants")'s Second Motion to Dismiss. Dkt. #40. Plaintiff Lassana Magassa opposes Defendants' motion. Dkt. #44. The Court finds oral argument unnecessary to resolve the underlying issues. Having reviewed the relevant briefing and the remainder of the record, the Court GRANTS Official Capacity Defendants' Motion to Dismiss and DISMISSES this case.

//

ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS - 1

## II. BACKGROUND

A full summary of this case is not necessary given the Court's previous orders in this matter. *See* Dkt. #36. Plaintiff Magassa, a former Cargo Customer Service Agent with Delta Airlines, Inc. ("Delta"), brings this action in response to the U.S. Transportation Security Administration ("TSA")'s Security Threat Assessment, which led to revocation of Plaintiff's SIDA identification badge and termination from his position with Delta. Plaintiff appealed the TSA's determination through the redress process set forth under 49 C.F.R. § 1515 (the "STA Redress Process"), and on July 26, 2019, the TSA issued a Withdrawal of Final Determination notifying Plaintiff that he was once again "eligible to maintain airport-issued identification media." *Id.* at ¶ 116-145.

On September 16, 2020, the Court granted Defendant Minh Truong's motion to dismiss and dismissed Plaintiff's Section 1981 claim. Dkt. #36. The Court also granted in part and denied in part Official Capacity Defendants' motion to dismiss and ordered Plaintiff to file an amended complaint within thirty days from the date of the order. On October 16, 2020, Plaintiff filed an Amended Complaint against Official Capacity Defendants alleging violations of his due process rights under the Fifth Amendment and violations of the Administrative Procedure Act ("APA"). Dkt. #39 at ¶¶ 164-273. Plaintiff also seeks attorneys' fees under the Equal Access to Justice Act ("EAJA"). *Id.* at ¶¶ 274-276. Plaintiff claims that as a result of these violations, he suffered lost income and opportunities, was precluded from pursuing his chosen employment, and suffered reputational harm and stigmatization, and experienced extreme travel difficulties for nearly three years. *Id.* at ¶¶ 143-146. Official Capacity Defendants moved to dismiss Plaintiff's Amended Complaint on November 16, 2020. Dkt. #40.

//

ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS - 2

## III. DISCUSSION

**A. Legal Standards**

    i.    Motion to Dismiss for Lack of Jurisdiction under 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    ii.    Motion to Dismiss under 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Plaintiff alleges three counts of violations by the Official Capacity Defendants under the Fifth Amendment due process clause and the APA. Count I alleges that the STA Redress Process is constitutionally inadequate and deprives Plaintiff of protected liberty interests such as freedom to pursue his chosen profession and freedom from false stigmatization, in violation of his Fifth Amendment right to procedural due process. *Id.* at ¶¶ 154-218. Count II alleges that the STA Redress Process unduly burdens these same liberty interests and therefore violates Plaintiff's Fifth Amendment right to substantive due process. *Id.* at ¶¶ 219-239. Finally, Count III claims that the STA Redress Process and TSA's implementation of that process is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. §§ 702, 706. *Id.* at ¶¶ 240-272.

Official Capacity Defendants move to dismiss for lack of subject matter under 49 U.S.C. § 46110 and failure to state a claim. Dkt. #40. For the reasons set forth below, the Court grants dismissal of Plaintiff's claims. The Court finds that amendment of the Complaint would be futile and therefore dismisses Plaintiff's claims with prejudice.

**B. Jurisdiction under 49 U.S.C. § 46110**

The Court will first address Official Capacity Defendants' argument that jurisdiction over Plaintiff's claims lies in the court of appeals, not the district court, pursuant to 49 U.S.C. § 46110. Section 46110 provides:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security . . . or the Administrator of the Federal Aviation Administration . . .) in whole or in part under this part, part B, or subsection (*l*) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.
>
> . . .

> When the petition is sent to the Secretary, Under Secretary, or Administrator, the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the Secretary, Under Secretary, or Administrator to conduct further proceedings.

49 U.S.C. § 46110(a), (c) (2005). In determining whether an agency action is an "order" under Section 46110 subject to the exclusive jurisdiction of the court of appeals, the Ninth Circuit considers whether the action "imposes an obligation, denies a right, or fixes some legal relationship. . . . if the order provides a 'definitive' statement of the agency's position, has a 'direct and immediate' effect on the day-to-day business of the party asserting wrongdoing, and envisions 'immediate compliance with its terms,' the order has sufficient finality to warrant the appeal offered by section [46110]." *Crist v. Leippe,* 138 F.3d 801, 804 (9th Cir. 1998) (quoting *Mace v. Skinner,* 34 F.3d 854, 857 (9th Cir. 1994)). Courts also consider the existence of an administrative record and factual findings in determining whether a TSA decision constitutes an "order" for purposes of Section 46110. *See Sierra Club v. Skinner,* 885 F.2d 591, 593 (9th Cir. 1989).

The Court previously considered and rejected the Government's argument that Section 46110 divests this Court of jurisdiction, concluding that the STA Redress Process is neither a "final order" for purposes of Section 46110 nor "inescapably intertwined" with the review of a final order. Dkt. #36 at 23-25. The Government resurrects the same arguments raised in its first motion to dismiss, arguing that the Court erred in its previous analysis.[1] The Court will reconsider these arguments here.

//

---

[1] In addition to citing new case law, the Government points out that the Court's previous decision erroneously relied on the similar yet distinct standards under 49 C.F.R. § 1515 as the STA Redress Process. Instead, revocation of Plaintiff's SIDA badge was pursuant to Security Directive 1542-04-08K, issued to regulated airport operators pursuant to 49 C.F.R. § 1542.303. Dkt. #40 at 12, n.5. The Court's analysis here corrects this error.

ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS - 5

First, the Government argues that the STA Redress Process constitutes a final order based on case law outside the Ninth Circuit holding that challenges to other TSA redress procedures fall within the purview of Section 46110. Dkt. #40 at 18 (citing *Mokdad v. Lynch,* 804 F.3d 807 (6th Cir. 2015); *Jifry v. FAA*, 370 F.3d 1174 (D.C. Cir. 2004)). For the reasons set forth below, neither case demonstrates legal error in the Court's previous analysis.

In *Jifry*, the D.C. Circuit considered two Saudi Arabian pilots' petition for review challenging TSA's revocation of their FAA airman certificates. *Id.* However, *Jifry* did not squarely address the relevant issue here: the preclusive effect of Section 46110. The Government therefore appears to rely on *Jifry* simply because a court of appeals entertained the pilots' petition for review. As this Court previously recognized, Section 46110 divests a district court of jurisdiction if a plaintiff's constitutional claims are "inescapably intertwined with a review of the procedures and merits surrounding" a final order. *Mace v. Skinner*, 34 F.3d 854, 858 (9th Cir. 1994); *see also Gilmore*, 435 F.3d at 1133, n.9 (Finding that a plaintiff's due process constitutional challenge is "inescapably intertwined" with review of an order if it "squarely attack[s] the orders issued by the TSA with respect to airport security."). Such is the case with the pilots' claims, which directly challenged TSA's revocation of their airman certificates for lack of substantial evidence in the record. *Jifry*, 370 F.3d at 1178. Here, in contrast, Plaintiff's claims solely challenge the adequacy of TSA's redress procedures. *See* Dkt. #36 at 24 ("Plaintiff's only justiciable claims are prospective and challenge the legality of the STA Redress Process under the Constitution and the APA. . . . [B]ecause TSA ultimately withdrew its Final Determination, no final order exists to be challenged."). Consequently, *Jifry* is inapposite here.

The Government also relies on the Sixth Circuit's holding in *Mokdad*, which concluded that a procedural challenge to the redress process under the Department of Homeland Security

ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS - 6

Traveler Redress Inquiry Program ("DHS TRIP") amounted to a challenge to a TSA order, and made TSA a "required party to [the plaintiff's] litigation about the adequacy of the redress procedures." *Mokdad*, 804 F.3d at 811–12. However, as other circuits have observed, the *Mokdad* court expressly "decline[d] to opine . . . whether § 46110 would deprive the district court of subject-matter jurisdiction over Mokdad's claims challenging the adequacy of the redress process, including any broad constitutional claims, if he were to file a new suit naming TSA as a defendant." *Id.* at 812. *See, e.g.*, *Kovac v. Wray*, 363 F. Supp. 3d 721, 743 (N.D. Tex. 2019) (Declining to extend *Mokdad* to case where TSA named as a defendant given that the Sixth Circuit "expressly declined to opine on the [Section 46110] jurisdictional question."); *Wilwal v. Nielsen*, 346 F. Supp. 3d 1290, 1304 (D. Minn. 2018) (concluding that Section 46110 does not deprive district court of jurisdiction over plaintiff's challenge to TSA redress process, given that "Plaintiffs have named DHS as a defendant, of which TSA is a component. The concerns present in *Mokdad* are therefore not present here."). As in *Kovac* and *Wilwal*, Plaintiff has named TSA as a defendant. Accordingly, consistent with these cases, the Court finds that Section 46110 does not divest this Court of subject matter jurisdiction under *Mokdad*.

Next, the Government argues that the Court erred in finding that Plaintiff's claims are not "inescapably intertwined" with a TSA final order. Dkt. #40 at 18-19. The Government contends that the gravamen of Plaintiff's claims related to the STA Redress Process attack "TSA's interpretation and application of its STA procedures *to him*," including his claims about processing time and inability to view classified evidence. Dkt. #40 at 19 (emphasis in original). As a result, the Government argues, Plaintiff asks the Court to review TSA procedures, which constitute a final order.

1  The Court finds no error in its previous conclusion that Plaintiff's constitutional challenges
2  to the STA Redress Process are not "inescapably intertwined" with a final order under Section
3  46110. As the Ninth Circuit has recognized, a district court maintains jurisdiction to hear broad
4  constitutional challenges to the Government's actions. *Mace,* 34 F.3d at 858 (9th Cir. 1994)). It
5  is divested of jurisdiction if such claims are "inescapably intertwined with a review of the
6  procedures and merits surrounding" a final order under Section 46110. *Id.* Due process
7  constitutional challenges are "inescapably intertwined" with review of an order if they "squarely
8  attack the orders issued by the TSA with respect to airport security." *Gilmore*, 435 F.3d at 1133,
9  n.9. Such collateral challenges to the merits of a previous adjudication are distinct from "facial
10 challenge[s] to the constitutionality of certain agency actions," the latter of which are not
11 proscribed by Section 46110. *See Tur v. F.A.A.*, 104 F.3d 290, 292 (9th Cir. 1997) (Distinguishing
12 facial challenge in *Mace* from suit directed at conduct of TSA officials in adjudicating specific
13 claim); *see also Mace*, 34 F.3d at 858 ("Mace's claims differ from those asserted in *Green*, where
14 it was the *conduct* of FAA officials in adjudicating a specific individual claim that was under
15 attack") (emphasis in original) (citing *Green v. Brantley*, 981 F.2d 514 (11th Cir. 1993)). Here,
16 TSA withdrew its Final Determination. Consequently, no final order exists to be challenged.
17     Furthermore, to the extent Plaintiff's APA claims challenge the individual conduct of TSA
18 officials in adjudicating his specific claim, *see* Dkt. #39 at ¶¶ 241-273, the Court already dismissed
19 Plaintiff's claims for retrospective declaratory relief. *See* Dkt. #36 at 15. Pursuant to this order,
20 Plaintiff's prayer for relief strictly seeks prospective relief based on Defendants' current policies,
21 practices, and customs. *See* Dkt. #39 at 40. Given that Plaintiff's only justiciable claims challenge
22 the legality of the STA Redress Process under the Constitution and the APA, the Court finds that
23 Section 46110 does not divest this Court of jurisdiction. *See Reno v. Catholic Social Servs., Inc.*,

113 S.Ct. 2485, 2495 (1993) (Holding that a statutory provision governing the review of single agency actions does not apply to challenges to "a practice or procedure employed in making [numerous] decisions.").

### C. Procedural Due Process Claims

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)). Due process, however, "'is flexible and calls for such procedural protections as the particular situation demands.'" *Id.* at 334, 96 S.Ct. 893 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972)).

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). A threshold requirement is the plaintiff's showing of a liberty or property interest protected by the Constitution. *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013). Plaintiff alleges that Official Capacity Defendants have deprived him of two liberty interests: (i) the right to pursue his chosen profession; and (ii) the right to be free from false government stigmatization. Official Capacity Defendants argue that neither of these interests are cognizable under procedural due process. For the reasons set forth below, the Court finds that Plaintiff has failed to state cognizable liberty or property interests.

//

i.  Right to Pursue Chosen Profession

Plaintiff claims that the STA Redress Process harmed his liberty interest in pursuing his chosen profession. Dkt. #39 at ¶¶ 176-179. The Supreme Court has recognized "some generalized due process right to choose one's field of private employment." *Conn v. Gabbert*, 526 U.S. 286 (1999). However, a liberty interest in pursuing one's chosen profession has only been recognized "in cases where (1) a plaintiff challenges the rationality of government regulations on entry into a particular profession, or (2) a state seeks permanently to bar an individual from public employment." *Guzman v. Shewry*, 552 F.3d 941, 954 (9th Cir. 2009) (internal citations omitted). Because Plaintiff is not a public employee and the federal government implements the STA Redress Process, the first scenario applies here.

As the Court previously concluded, Plaintiff's chosen profession—working as a cargo service agent for a commercial airline—is not a cognizable liberty interest given that it requires holding a security clearance. Dkt. #36 at 27; *see also Dorfmont*, 913 F.2d 1399, 1403 (9th Cir. 1990) ("There is no right to maintain a security clearance, and no entitlement to continued employment at a job that requires a security clearance."). Plaintiff argues that *Dorfmont* and the case it relies upon, *Dep't of the Navy v. Egan*, 484 U.S. 518 (1988), are inapplicable here given that "Plaintiff here never possessed, nor attempted to obtain, a security clearance." Dkt. #44 at 15. Plaintiff attempts to distinguish his SIDA badge, which allows its holder to access secure areas of the airport, from the clearances at issue in *Dorfmont* and *Egan*—clearance to work as an employee of a contractor for the U.S. Department of Defense or at a naval nuclear submarine facility, respectively. He argues that his case is more similar to *Kartseva v. Dep't of State,* 37 F.3d 1524 (D.C. Cir. 1994), which addressed a lower-level clearance for a Russian translator working at a private company processing Soviet refugees for the U.S. State Department, and *Baillargeon v.*

*Drug Enf't Admin.*, 638 F. Supp. 2d 235, 240 (D.R.I. 2009), which addressed a security clearance from the U.S. Drug Enforcement Agency to work as an asset forfeiture specialist for a private contractor.

As an initial matter, *Kartseva* and *Baillargeon* addressed clearances that granted plaintiffs access to "sensitive but unclassified materials." *Id.* at 236; *Kartseva*, 37 F.3d at 1526. These cases distinguished low-level clearances from those at issue in *Dorfmont* and *Egan*, which addressed national defense, military, and security, "where the government inarguably has the strongest of compelling interests." *Id.* at 239. Here, Plaintiff's SIDA badge affords him access to secure areas of the airport and is a prerequisite to his employment as a cargo customer service agent for private airlines. Dkt. #39 at ¶¶ 66-67. Any person holding such a badge must have a "passed" status from TSA to maintain these airport privileges required for employment as a cargo customer service agent. *Id.* Notwithstanding Plaintiff's efforts to distinguish his airport privileges granted by the SIDA badge from a "true security clearance," Dkt. #44 at 21, courts afford TSA risk assessments substantial deference precisely because of their implications for national security. *See Olivares v. TSA*, 819 F.3d at 454, 466 (D.C. Cir. 2016) ("Given TSA's broad authority to assess potential risks to aviation and national security . . . we are in no position to second-guess TSA's judgment in denying Petitioner's [flight school] application."). For this reason, the Court finds Plaintiff's SIDA badge distinguishable from the clearances at issue in *Kartseva* and *Baillargeon*, which afforded those plaintiffs "access to sensitive, but unclassified, materials *with no matters of national security at stake.*" *Baillargeon*, 638 F. Supp. 2d at 241 (emphasis added).

Moreover, to the extent *Kartseva* and *Baillargeon* contravene the Ninth Circuit's holding in *Dorfmont*, the *Dorfmont* decision is binding on this court. *See Echols v. Morpho Detection, Inc.*, No. C 12-1581 CW, 2013 WL 1501523, at *5 (N.D. Cal. Apr. 11, 2013) ("[T]o the extent

ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS - 11

that the courts in *Kartseva* and *Baillargeon* may have reached a different conclusion than the Ninth Circuit in *Dorfmont* about the colorability of a constitutional due process claim based on the revocation or denial of a security clearance, the *Dorfmont* decision, which is directly addresses this point, is binding on this Court."). For that reason, pursuant to *Dorfmont*, Plaintiff holds no due process right to pursue employment requiring a security clearance.

Accordingly, Plaintiff has failed to allege facts that support a due process claim with respect to pursuit of his chosen profession.

      ii.  Reputational Interest and Freedom from Stigmatization

Plaintiff also claims that he has suffered reputational damage as a result of Defendants' policies and actions. Dkt. #39 at ¶¶ 180-184. The Supreme Court has recognized a constitutionally protected interest in "a person's good name, reputation, honor, or integrity." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). As such, it has formulated a standard, known as the "stigma-plus" test, to determine whether reputational harm infringes a liberty interest. *Paul v. Davis,* 424 U.S. 693, 711 (1976).

To prevail on a claim under the stigma-plus doctrine, Plaintiff must show (1) public disclosure of a stigmatizing statement by the government, the accuracy of which is contested; *plus* (2) the denial of some more tangible interest such as employment, or the alteration of a right or status recognized by state law." *Green v. Transportation Sec. Admin.*, 351 F. Supp. 2d 1119, 1129 (W.D. Wash. 2005) (emphasis added) (citing *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 982 (9th Cir. 2002); *Paul,* 424 U.S. at 711). "The plus must be a deprivation of a liberty or property interest by the state . . . that directly affects the [Plaintiff's] rights." *Id.* (quoting *Miller v. Cal.,* 355 F.3d 1172, 1178 (9th Cir. 2004)). Under the "plus" prong, a plaintiff can show he has

suffered a change of legal status if he "legally [cannot] do something that [he] could otherwise do." *Miller,* 355 F.3d at 1179.

Again, Plaintiff's claims fall short of satisfying the "plus" factor given his failure to allege deprivation of a liberty or property interest to which he is entitled. As discussed above, Plaintiff's SIDA badge and pursuit of a career that requires a TSA "passed" status do not constitute property or liberty interests protected by the due process clause. *See Dorfmont*, 913 F.2d at 1403–04. The Ninth Circuit has made clear that "a cognizable constitutional wrong must be joined with the defamation claim in order to state a stigma-plus claim." *Miller*, 355 F.3d at 1178 (citing *Buckey v. County of Los Angeles,* 968 F.2d 791, 795 (9th Cir. 1992)). As such, Plaintiff must "show loss of a recognizable property or liberty interest in conjunction with injury to their reputation." *Id.* at 1179. Failure to do so is fatal to his claims. *Melek v. State Bar of California*, 24 F.3d 247 (9th Cir. 1994) ("Reputation alone is not a liberty or property interest protected by the due process clause.").

Plaintiff argues that even if the Court concludes that he holds no liberty interest in continued employment as a cargo service agent, the Government's revocation of his SIDA badge nevertheless gives rise to a due process claim where it "both altered his status and stigmatized his reputation without due process of law." Dkt. #44 at 18 (citing *Ranger v. Tenet*, 274 F. Supp. 2d 1, 4 (D.D.C. 2003)). Again, to the extent Plaintiff relies on out-of-circuit precedent that his discharge from Delta deprived him of a liberty interest, the binding decision in *Dorfmont* forecloses this argument. *Echols*, 2013 WL 1501523, at *5; *see also Dorfmont*, 913 F.2d at 1403 ("If there is no protected interest in a security clearance, there is no liberty interest in employment requiring such clearance."). Absent loss of a recognizable property or liberty interest, Plaintiff cannot state a due process claim under the "stigma-plus" doctrine.

ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS - 13

For these reasons, Plaintiff has failed to allege deprivation of a property or liberty interest through the unlawful STA Redress Process. Because this issue is dispositive, the Court need not address the remaining *Mathews* factors. Given that Plaintiff failed to correct these errors after leave to amend, the Court finds that amendment would be futile. Accordingly, Plaintiff's procedural due process claims are dismissed with prejudice.

**D. Substantive Due Process Claims**

In contrast to procedural due process, substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125, (1992) (internal citation and quotations omitted). Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests," which are held to a more exacting standard of strict scrutiny. *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997). Rights are protected under the substantive due process clause if they are "so rooted in the tradition and conscience of our people as to be ranked as fundamental" or if such rights reflect "basic values implicit in the concept of ordered liberty" such that "neither liberty nor justice would exist if they were sacrificed." *Id.* at 720–21 (1997); *Griswold v. Connecticut,* 381 U.S. 479, 500 (1965).

Plaintiff alleges violations of his substantive due process rights insofar as the STA Redress Process unduly burdened his liberty interest in practicing his chosen profession without government restraint and his liberty interest to be free of government stigmatization. Dkt. #39 at ¶¶ 224-240. As the Court previously concluded, "Plaintiff does not possess a liberty or property interest in a security clearance or continued employment at a job that requires a security clearance." Dkt. #36 at 32 (citing *Egan*, 484 U.S. at 528 (1988); *see also Dorfmont*, 913 F.2d at 1404 ("There is no right to maintain a security clearance, and no entitlement to continued employment at a job

that requires a security clearance.")).  He therefore possesses no liberty interest in continued employment that requires holding a SIDA badge that could provide a basis for a substantive due process challenge.

Turning to Plaintiff's alleged liberty interest in reputation, Plaintiff's claims fail for the same reasons set forth in the Court's previous order.  First, courts in this circuit have recognized freedom from false government stigmatization as a procedural due process right—not a protected constitutional right for purposes of a substantive due process claim.  *See Tarhuni v. Holder*, 8 F. Supp. 3d 1253, 1272 (D. Or. 2014) ("The freedom from false government stigmatization or 'stigma plus' is a procedural due-process doctrine and is not a protected constitutional right for purposes of a substantive due-process claim.") (citing *Paul v. Davis,* 424 U.S. 693, 712–14 (1976)).  Moreover, even if a liberty interest in reputation could provide the basis for a substantive due process claim, Plaintiff has failed to state a claim for false government stigmatization under the "stigma plus" test.  *See* § III(C)(ii), *supra*.

For these reasons, Plaintiff has failed to state a claim for substantive due process violations, therefore warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Because further amendment would be futile, the Court dismisses Plaintiff's substantive due process claims with prejudice.

**E.  Administrative Procedure Act Claims**

The APA permits suits against the United States by "[a] person suffering legal wrong because of the agency action, or adversely affected or aggrieved by agency action within the meaning of relevant statute."  5 U.S.C. § 702.  Under 5 U.S.C. § 706, a reviewing court must hold unlawful and set aside agency regulations that it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  The arbitrary and capricious standard of review is typically deferential to the agency and is "not to substitute its judgement for that of the

agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 30 (1983).

Here, Plaintiff brings an APA challenge against Official Capacity Defendants for violating TSA's own policies with respect to Plaintiff's security threat assessment, acting outside TSA's stated regulations, and for exceeding its statutory authority delegated by Congress. Dkt. #39 at ¶¶ 242-273. Because this Court dismissed Plaintiff's claims related to past injuries, *see* Section III(C)(1), *supra*, the Court limits its Rule 12(b)(6) analysis to those claims seeking prospective relief in the form of revisions to TSA's current STA Redress Process.

Defendants move to dismiss on the basis that if the STA Redress Process is not a "final order" under Section 46110, then Plaintiffs cannot satisfy the "finality" requirement under the APA. Dkt. #40 at 24-25. "Under the APA, agency action is subject to judicial review only when it is either: (1) made reviewable by statute; or (2) a 'final' action 'for which there is no other adequate remedy in a court.'" *Cabaccang v. U.S. Citizenship & Immigration Servs.,* 627 F.3d 1313, 1315 (9th Cir. 2010) (quoting 5 U.S.C. § 704)). Because Plaintiff has not identified any statute providing for judicial review of TSA's actions, judicial review of his APA claims is only available if Plaintiff has challenged a final agency action. *Id.*; *see also Or. Natural Desert Ass'n v. U.S. Forest Serv.,* 465 F.3d 977, 982 (9th Cir. 2006).

Plaintiff argues, without support, that "the finality requirement of Section 46110 is not coextensive with the APA . . . [t]hese two provisions exist for entirely distinct purposes, and their finality requirement advances different aims." Dkt. #44 at 24. However, in considering the issue, the Ninth Circuit has applied the same definition of "final order" such that lack of finality under Section 46110 precludes review under the APA. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 735 (9th Cir. 2006), *aff'd sub nom. Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299 (Fed. Cir.

2008) ("The dilemma is this: if the Zeigler Email and Kanae Letter are final orders relating to "aviation duties and powers," § 46110 preempts the district court from considering these claims. But if they are not final, then the Administrative Procedure Act ("APA") bars the district court from hearing the case for lack of jurisdiction.") (citing 5 U.S.C. § 704); *see also Air Cal. v. U.S. Dep't of Transp.,* 654 F.2d 616, 622 (9th Cir. 1981) (holding that where court of appeals lacked jurisdiction under § 46110 for lack of finality, the district court also lacked jurisdiction because the orders were not final and thus not ripe for review). Courts outside the Ninth Circuit have likewise found that lack of finality under Section 46110 precludes reviewability under the APA. *See Ass'n of Citizens To Protect And Pres. The Env't of Oak Grove Cmty. v. U.S. Fed. Aviation Admin.*, No. 2:07-CV-378-MEF, 2007 WL 2580489, at *1 (M.D. Ala. Sept. 4, 2007), *aff'd sub nom. Ass'n Of Citizens To Protect And Pres. The Env't Of The Oak Grove Cmty. v. F.A.A.*, 287 F. App'x 764 (11th Cir. 2008) ("Therefore, if the FONSI was a final order, then the United States Court of Appeals for the Eleventh Circuit would have exclusive subject matter jurisdiction over Plaintiff's claims. . . . Even if the FONSI was not a final order, then this Court would still lack subject matter jurisdiction over Plaintiff's claims.").

Furthermore, courts apply nearly identical tests when analyzing finality under Section 46110 compared to the APA. When considering finality under the APA, "[t]he general rule is that administrative orders are not final and reviewable 'unless and until they impose an obligation, deny a right, or fix *some* legal relationship as a consummation of the administrative process.'" *Or. Natural Desert Ass'n,* 465 F.3d at 982 (quoting *Ukiah Valley Med. Ctr. v. F.T.C.*, 911 F.2d 261, 264 (9th Cir. 1990)) (emphasis in original). The test for finality under Section 46110 is nearly identical: "'[O]rder' carries a note of finality, and applies to an[y] agency decision which imposes

an obligation, denies a right, or fixes some legal relationship." *Crist*, 138 F.3d at 804 (quoting *Mace*, 34 F.3d at 857) (internal quotations and citations omitted).

For these reasons, like the plaintiffs in *Americopters*, Plaintiff's effort to avoid finality under Section 46110 but maintain reviewability under the APA places him "somewhere between Scylla and Charybdis." *Americopters*, 441 F.3d at 735. Without presenting any supportive authority for his proposition that "finality" under Section 46110 bears a distinct definition from "finality" under the APA, Plaintiff has not offered any explanation for why his claims may survive the jurisdictional bar on challenges to TSA final orders under 46110 yet remain reviewable as a "final order" under the APA. Consistent with *Americopters* and *Air Cal.*, the Court concludes that Plaintiff cannot have it both ways. To the extent Plaintiff's APA claims survive the Section 46110 jurisdictional bar, this Court lacks jurisdiction for lack of finality. Because this deficiency cannot be cured through further amendment, Plaintiff's APA claims are dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated herein, the Court ORDERS that Defendants' Motion to Dismiss, Dkt. #40, is GRANTED. This case is DISMISSED.

!

DATED this 23rd day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS - 18